UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN EDWARD TAGHON, JR., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-821-RLM-MGG ) |
| JULIE LAWSON, et al., | ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Stephen Edward Taghon, Jr., a prisoner without a lawyer, filed a complaint naming six defendants. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Taghon lists as a co-plaintiff, "St. Joseph County Jail Prisoners." ECF 1 at 1. He asks to have this case certified as a class action. ECF 1 at 23.

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). It would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009). The court won't certify this case as a class action and the plaintiff St. Joseph County Jail Prisoners will be dismissed.

One of the named defendants is the St. Joseph County Jail. As a building. The jail isn't a suable entity. *Smith v. Knox County Jail,* 666 F.3d 1037, 1040 (7th Cir. 2012). The claims against the St. Joseph County Jail must also be dismissed.

Mr. Taghon alleges Julie Lawson, Ms. Coleman, and Mr. Brothers denied him access to the courts by delaying his ability to make copies from July 20, 2017, to July 28, 2017. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal

2

claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Mr. Taghorn's complaint doesn't identify any non-frivolous lawsuit that was prejudiced by the eight-day delay in making copies. Those allegations don't state a claim.

In addition, Mr. Taghon alleges Julie Lawson, Ms. Coleman, and Mr. Brothers retaliated against him for filing grievances by delaying his ability to make copies from July 20, 2017, to July 28, 2017. "To prevail on his First Amendment retaliation claim, [he] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

3

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted); *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). An eight day, non-prejudicial, delay for copies is de minimis – too minor to amount to a constitutional violation.

Mr. Taghon alleges Julie Lawson, Mr. Brothers, Ms. Fisher, and Ms. Shroder transferred him to administrative segregation/protective custody without due process after he filed a grievance in which he wrote: "Here I am again, in J6 with 16 other black males, and I am the only white guy. Do you honestly think that's safe?" ECF 1 at 12. It is unclear whether Mr. Taghon was a pre-trial detainee or had been convicted and was serving a sentence when this happened. If he had been convicted, due process is only required when the punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Placement in administrative segregation/protective custody does neither. If he was a pre-trial detainee, he couldn't be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). Not every placement of a pre-trial detainee in segregation constitutes

4

punishment, and when done for legitimate security reasons such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995), *see also Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'." Bell, 441 U.S. at 539. Mr. Taghon says he didn't ask to be placed in protective custody and wanted a different housing assignment. Nevertheless, after he indicated to officials that he might not be safe where he was housed, it wouldn't be plausible to infer that his reassignment was punishment rather than a legitimate security decision. Mr. Taghon also alleges the reassignment was done in retaliation for his having filed the grievance asking whether he was safe where he was housed. Being moved to protective custody after expressing concern about personal safety would not likely deter an inmate of ordinary firmness from future First Amendment activity. These allegations don't state a claim on which relief can be granted.

Mr. Taghon alleges Mr. Brothers retaliated against him for filing grievances by placing another inmate, Robert Hickey, in his segregation cell – knowing that inmate would threaten him. Though the inmate was promptly moved to another cell and Mr. Taghon wasn't attacked, this could deter an inmate from continuing to exercise his First Amendment rights. He may proceed on this claim.

Mr. Taghon alleges Mr. Brothers also retaliated against him for filing grievances by filing a false conduct report against him. It appears he was found guilty, but it's unclear what he was charged with doing. It's also unclear whether

5

he was punished with the loss of earned credit time. If he was, *Edwards v. Balisok*, 520 U.S. 641 (1997) makes clear that he can't bring this claim until the guilty finding is overturned. As alleged, this claim is too vague and Mr. Taghon has hasn't plausibly alleged that he is entitled to relief.

Finally, Mr. Taghon describes numerous other events and conditions in his complaint, but he hasn't plausibly alleged that any named defendant had personal knowledge of these events or conditions. Neither has he plausibly alleged that any named defendant was personally involved. "Public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). These other allegations don't state a claim for relief against any of the named defendants.

For these reasons, the court:

(1) GRANTS Stephen Edward Taghon, Jr., leave to proceed against Mr. Brothers in his individual capacity for retaliating against him for filing grievances by placing Robert Hickey in his segregation cell to threaten him with physical injury on August 12, 2017;

(2) DISMISSES all other claims;

(3) DISMISSES St. Joseph County Jail Prisoners, Julie Lawson, Ms. Fisher, Ms. Shroder, Ms. Coleman, and St. Joseph County Jail;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mr. Brothers at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mr. Brothers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 29, 2018.

                                      /s/ Robert L. Miller, Jr.
                                      JUDGE
                                      UNITED STATES DISTRICT COURT